IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XPRT VENTURES, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No._____ |
| | : | |
| EBAY INC., PAYPAL, INC., BILL ME LATER, | : | |
| INC., SHOPPING.COM, INC. AND STUBHUB, | : | |
| INC., | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, XPRT VENTURES, LLC ("XPRT"), for its complaint against Defendants eBay Inc. ("eBay"), PayPal, Inc. ("PayPal"), Bill Me Later, Inc. ("Bill Me Later"), Shopping.com, Inc. ("Shopping.com"), and StubHub, Inc. ("StubHub.com"), alleges as follows, upon personal knowledge with respect to its own acts, and upon information and belief, with respect to the circumstances and facts of others:

## THE PARTIES

1.      Plaintiff XPRT is a limited liability company organized and existing under the laws of Delaware, having its principal place of business in Greenwich, Connecticut.

2.      eBay is a company organized and existing under the laws of Delaware, having its principal place of business in San Jose, California.

3.      PayPal is a company organized and existing under the laws of Delaware, having its principal place of business in Mountain View, California.

4.      Bill Me Later is a company organized and existing under the laws of Delaware, having its principal place of business in Timonium, Maryland.

5. Shopping.com is a company organized and existing under the laws of Delaware, having its principal place of business in Brisbane, California.

6. StubHub.com is a company organized and existing under the laws of Delaware, having its principal place of business in San Francisco, California

7. Upon information and belief, eBay is an American internet company that owns, operates, and manages eBay.com, an e-commerce website featuring online auctions including 1) PayPal, an online payment platform owned, operated and managed by eBay's PayPal company acquired in 2002; 2) Bill Me Later, an online payment platform owned, operated and managed by eBay's Bill Me Later company acquired in 2008; 3) Shopping.com, an online shopping-related website owned, operated and managed by eBay's Shopping.com company acquired in 2005; and 4) StubHub.com, an online website enabling users to list and buy tickets to events owned, operated and managed by eBay's StubHub.com company acquired in 2007. The eBay.com, Shopping.com and StubHub.com websites enable individuals and businesses to buy and sell a broad variety of goods and services worldwide, including in this judicial district. The PayPal and Bill Me Later payment platforms enable individuals and businesses worldwide, including in this judicial district, to effect payment for e-commerce transactions originating via eBay.com, Shopping.com, StubHub.com and independent third party websites.

8. Upon Information and belief, PayPal, an e-commerce company allowing payments and money transfers to be made through the Internet via its payment service, is a wholly-owned subsidiary of eBay.

9. Upon Information and belief, Bill Me Later, a company allowing purchases to be made online with its Bill Me Later payment service, which does not require the use of a

credit card, and which offers credit or loans funds to its customers, is a wholly-owned subsidiary of PayPal.

10.     Upon Information and belief, Shopping.com, a company which provides a price comparison service through websites in the United States, United Kingdom, France, Germany and Australia, is a wholly-owned subsidiary of eBay.

11.     Upon information and belief, Shopping.com directs users to independent websites where they can purchase items and pay using eBay's PayPal and Bill Me Later payment services.

12.     Upon information and belief, StubHub.com, a company which operates a website enabling a service where buyers and sellers buy and sell tickets for sports, concerts, theater and other live entertainment events, is a wholly-owned subsidiary of eBay.

13.     Upon information and belief, StubHub.com receives 25% of the purchase price of every ticket sold: buyers pay 10% more than the listed price and sellers receive 15% less than their listed price. The buyers can use eBay's PayPal payment service to effect payment for the tickets purchased.

## NATURE OF THE ACTION

14.     This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular under 35 U.S.C. § 271. This action further entails the misappropriation of confidential information contained in patent applications assigned to XPRT, which issued as United States patents.

15.     Infringement of XPRT's patents by the defendants eBay, PayPal, Bill Me Later, Shopping.com, and StubHub.com is both direct and induced, and willful.

16.     XPRT's patents teach in alternative embodiments to the traditional payment vehicle of bank draft or credit card, thus allowing the user to streamline e-commerce

transactions and electronic auctions by avoiding the necessity of using specific credit card and bank data for each and every purchase in an e-commerce transaction, or an electronic auction transaction.

17.    eBay through, *inter alia,* its PayPal and Bill Me Later payment systems, and eBay.com, Shopping.com and StubHub.com e-commerce websites, has been practicing one or more of the alternative payment activities asserted in XPRT's patents' claims since at least 2002.

18.    Through PayPal, eBay has become the pre-eminent leader in the online payment arena and significant portions of eBay's PayPal activities, both past and present, read directly on XPRT's patents' claims.

19.    eBay received and acknowledged notification of the confidential information and non-publicly available patent applications from George Likourezos and Michael A. Scaturro (the "Inventors") in 2001.  On information and belief, eBay misappropriated such information provided in confidence for its own commercial benefit.

20.    Prior to the Fourth Quarter of 2002, eBay's revenue from payment activities was not separately reported in eBay's published financial statements.  In the Fourth Quarter of 2002, subsequent to eBay's misappropriation of confidential information from the patent applications assigned to XPRT, eBay acquired PayPal, whose payment system activities when modified and incorporated into the eBay payment system read directly upon a number of the claims in XPRT's patents.  From the Fourth Quarter of 2002 through 2009, eBay has publicly reported in excess of 4.4 billion transactions successfully completed in the eBay-PayPal payment system, resulting in direct transaction payment revenues in excess of $10 Billion.

21.    Therefore, XPRT has suffered from the date of its disclosure of its published patent applications to eBay to date at least $600 million in damages when calculating patent infringement damages using a reasonable minimum royalty rate of six percent (6%) of PayPal transaction payment revenues.

22.    On March 11, 2009, eBay publicly announced a "Three-Year Roadmap for Growth." eBay's Roadmap included projections for eBay-PayPal payment system revenues to grow annually from $2.4 billion in 2008 to "$4 Billion to $5 Billion in 2011." The median, $4.5 billion, represents a 23% annual growth rate. Even assuming a growth rate of 11.5% per annum from 2011 to the expiration of XPRT's patents, which occurs at various times between January 21, 2021 and December 21, 2024, XPRT stands to suffer in excess of $3.2 billion in additional patent infringement damages on a present value basis based on the same reasonable royalty rate over the life of XPRT's patents.

## JURISDICTION AND VENUE

23.    Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

24.    eBay and its wholly-owned subsidiaries PayPal, Bill Me Later, Shopping.com, and StubHub.com are incorporated in Delaware.  As such, all defendants reside in and are subject to personal jurisdiction in this judicial district.

25.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(b).

## BACKGROUND AS TO ALL COUNTS

26.    XPRT is the holder of six United States patents for systems and methods for effecting payments for electronic auction transactions and e-commerce transactions.

27.    In early 2000, eBay launched its Billpoint payment system for use in its e-commerce system.

28.     Upon information and belief, Billpoint, which was founded in 1998, allowed consumers initially to pay amounts due for e-commerce transactions, such as online auction transactions, using their credit cards. Subsequently, Billpoint allowed consumers to draw directly from their bank accounts with an electronic check.

29.     The Inventors noted two significant drawbacks to eBay's Billpoint payment system. One was that buyers paid sellers by mailing a check. Thus, buyers had to wait several weeks for delivery of their items due to delay in sellers receiving buyers' checks and the delay associated with clearance of the buyers' checks. Another was that, when buyers chose to pay via eBay's Billpoint system using a credit card or electronic check, eBay had to pay back a significant percentage of its revenues to credit card companies and to banks as merchant fees.

30.     On January 17, 2001, the Inventors filed U.S. Patent Application No. 09/764,618, now U.S. Patent no. 7,483,856, entitled "System and Method for Effecting Payment for an Electronic Auction Commerce Transaction."

31.     On September 5, 2001, the Inventors filed U.S. Patent Application No. 09/946,616, now U.S. Patent No. 7,567,937, entitled "System and Method for Automatically Effecting Payment for a User of an Electronic Auction System."

32.     On September 6, 2001, George Likourezos sent a letter to Jay Monahan, eBay's Associate General Counsel, Intellectual Property, to inform him about the two patent applications the Inventors had filed related to, *inter alia*, systems and methods for effecting payments for online auction transactions.

33.     Mr. Likourezos recognized that the applications' inventive embodiments would be of potential commercial and economic interest to eBay and proposed an exclusive opportunity to eBay to review the applications under confidence during a period before they

were publicly available. Mr. Likourezos did so for the purpose of establishing a mutual business relationship. To that end, Mr. Likourezos proposed a meeting to discuss the technology disclosed in the applications, to see if it might be employed advantageously in eBay's business.

34.     Soon thereafter, on September 24, 2001, Mr. Andre Marais, a partner at Blakely Sokoloff Taylor & Zafman, who identified himself as representing eBay, contacted Mr. Likourezos and requested copies of the patent applications for review and analysis.

35.     Mr. Marais agreed to treat the applications and information provided by Mr. Likourezos as confidential material.

36.     Upon Mr. Marais' assurances of confidentiality, on September 26, 2001, Mr. Likourezos provided copies of the filed applications to Mr. Marais along with a preliminary amendment that had also been filed.

37.     Mr. Likourezos described how certain claimed features could provide additional revenue streams for eBay, particularly those features relating to automatically transferring funds to an electronic auction payment account corresponding to a user of an electronic auction website. Mr. Likourezos suggested that by incorporating the automatic fund transfer concept described in the patent applications into eBay's online auction system, eBay could realize a significant business advantage over competing online payment systems by making "extra" funds readily available to users, while allowing eBay to obtain interest on the aggregated funds which could then be enhanced if eBay loaned funds to the users. Mr. Likourezos noted that commercial payment systems (such as PayPal) might be modified to realize such a system.

38.     Mr. Likourezos also informed Mr. Marais that the Inventors' applications included claims directed to an automatic payment method and system for automatically or

periodically effecting payment between a user and another party, such as the operator of an electronic auction system. The Inventors had noted that the systems technology of certain companies (such as PayPal and Billpoint) had major technical and economic flaws and that the systems technology could be modified in a manner to allow for deployment of XPRT's claimed inventions to overcome the technical and economic flaws.

39. Upon information and belief, Billpoint at that time was losing millions of dollars per year because its customers were more frequently using their credit cards (which required eBay to pay merchant fees) to make payments, rather than using bank accounts or electronic checks.

40. Upon information and belief, eBay learned that in order to reverse the revenue losses experienced by Billpoint, eBay needed to entice customers away from credit card reliance as a preferred mode of payment and move customers toward an alternative mode of payment. The information provided by Inventors presented eBay with an opportunity to solve or at least significantly alleviate its problem.

41. The parties understood that, if eBay were interested in the technology cited in the patent applications, the Inventors would be compensated.

42. Upon information and belief, in November 2001, two months after the Inventors had contacted eBay, eBay surreptitiously began work on an acquisition of PayPal.

43. In March 2002, Mr. Marais told Mr. Likourezos that Mr. Marais had finished his review of the applications and had provided his analysis to eBay.

44. On March 25, 2002, Mr. Likourezos wrote to Mr. Monahan, eBay's Associate General Counsel, Intellectual Property, to ask whether eBay had made a decision on whether to

explore a mutually beneficial arrangement with respect to one or both of the patent applications. Mr. Likourezos received no response at the time.

45.     On July 8, 2002, eBay announced its plans to acquire PayPal for the purpose of integrating PayPal into its eBay.com platform. Upon information and belief, such acquisition was done in order to modify PayPal and incorporate it into the eBay.com platform in the manner suggested by Mr. Likourezos.

46.     Upon information and belief, eBay's familiarity with the confidential information provided by the Inventors allowed eBay to recognize the advantages it would realize by acquiring, modifying and integrating PayPal's payment platform with eBay's own e-commerce payment platform. eBay also knew or should have known that such modification and combination would violate Inventors' patent application claims should they issue as patents.

47.     eBay's CEO at the time, Margaret "Meg" Whitman, was quoted as saying that the PayPal acquisition would help both customers and the company's bottom line by speeding up the payment process for its electronic auctions. Ms. Whitman, as CEO, as well as others at eBay, knew, or should have known, that the modification and incorporation of PayPal to the eBay auction process was a misuse of the Inventors' confidential material. Ms. Whitman, as well as others at eBay, also knew, or should have known, that such actions would infringe upon any patent that might issue from the Likourezos and Scaturro patent applications.

48.     Indeed, eBay's outside counsel for the PayPal acquisition confirmed that the PayPal acquisition would allow eBay to modify and combine technologies and make it easier for their customers, which is precisely what Mr. Likourezos had told Mr. Marais in September

9

2001 that eBay could accomplish, if eBay integrated the Inventors' inventive concepts into the eBay.com platform.

49.    Upon information and belief, by modifying and integrating PayPal into eBay's auction platform, eBay allowed its users to effect payment to sellers using methods and systems disclosed to eBay by the Inventors. Consequently, eBay has benefited enormously from the use of the Inventors' ideas without compensation to the Inventors.

50.    On July 18, 2002, four patent applications filed by the Inventors were published by the United States Patent and Trademark Office (USPTO).

51.    On July 29, 2002, Mr. Likourezos again wrote to Mr. Monahan, with a copy to eBay's Vice President and General Counsel, Michael Jacobson, alerting eBay that all four of the patent applications had published.

52.    Shortly after learning of the PayPal acquisition, Mr. Likourezos wrote Mr. Monahan that eBay's newly announced DirectPay and Checkout payment features would be within the scope of one or more of the Inventors' published claims. Mr. Likourezos also invoked protection under the provisional rights statute (35 U.S.C. § 154(d)) under which the applicants may be entitled to a reasonable royalty from the period from the date of notification as to the published patent application to the date of issuance should a claim substantially the same as those published ultimately issue.

53.    Mr. Likourezos also wrote to Mr. Peter Thiel, Chairman, President and CEO of PayPal, notifying him that PayPal's Winning Bidder Notification feature when used in the eBay auction system was within the scope of one or more of the Inventors' published claims.

54.    On September 10, 2002, Jeffrey Randall, an attorney with the law firm of Cooley Godward, responded to Mr. Likourezos' letters to Mr. Monahan. Mr. Randall stated

that he represented eBay in connection with Mr. Likourezos' inquiries, and requested that future correspondence be directed to him.

55.     Mr. Randall also requested the file histories of the four patent applications, which on information and belief he could not obtain from the USPTO. He promised to get back in touch with Mr. Likourezos after reviewing the file histories.

56.     On September 25, 2002, given the past less than honorable relationship with eBay's attorneys in respect of oral agreements, Mr. Likourezos responded by providing a confidentiality agreement signed by the Inventors, and requested that Mr. Randall sign it on behalf of eBay.

57.     On November 11, 2002, almost six weeks after Mr. Likourezos provided eBay with a signed confidentiality agreement, Mr. Likourezos received an alternative proposed "Agreement for Receipt of Patent Application Information" (the "NDA") from Brian Ankenbrandt of Cooley Godward.

58.     Negotiations over the NDA, ensued for the next four months with eBay continuously taking weeks to respond to suggested changes. Despite the circulation of numerous drafts, the effective date of "March __, 2002" was never changed.

59.     On March 18, 2003, eBay's outside counsel at Cooley Godward circulated a final version of the NDA to the Inventors.

60.     The final circulated version of the NDA had an Effective Date of "March __, 2002," covering back to Mr. Marais' opinion on the original two patent applications, with an unexecuted signature line for Mr. Monahan. The Inventors signed the NDA on March 18, 2003 and faxed it back to Cooley Godward.

11

61.     Upon information and belief, Mr. Monahan received, from Cooley Godward, the NDA signed by the Inventors on or about March 18, 2003.

62.     Meanwhile, upon information and belief, while the NDA was being negotiated, Mr. Marais was drafting a patent application for eBay which was to cover the eBay-PayPal payment system. The draft patent application included the automatic payment system invented by Messrs. Likourezos and Scaturro.

63.     On April 30, 2003, some six weeks after the Inventors signed and returned the NDA, and the same day eBay filed its U.S. patent application, Serial No. 10/427,553, Emily Ward, eBay's Senior Patent Counsel, crossed out Mr. Monahan's name and title and signed the NDA, unilaterally changing the Effective Date from "March __, 2002" to April 30, 2003.

64.     The NDA prohibited eBay from providing the "Confidential Patent Application Information" to "any engineers, employees, consultants or agents of eBay that were involved with the design, development or maintenance of eBay's website."

65.     eBay's U.S. Patent Application No. 10/427,553 was entitled "Method and System to Automate Payment for a Commerce Transaction." The patent application as filed disclosed the automatic payment concepts described in the Likourezos and Scaturro patent applications, which had been provided in confidence to Mr. Marais, eBay's outside patent counsel.

66.     Upon information and belief, Emily Ward, eBay's Senior Patent Counsel, and Andre Marais, were, and continue to this day to be, attorneys of record for eBay's U.S. Patent Application No. 10/427,553.

67.     Although, Ms. Ward and Mr. Marais knew about Inventors' patent applications, Ms. Ward and Mr. Marais did not disclose the existence of XPRT's patent applications for

12

years, in clear violation of their duty of disclosure to the USPTO in respect of the eBay application filed on April 30, 2003.

68.     eBay had a duty of candor before the USPTO that extended to only including patentable claims in a patent application. Therefore, eBay has admitted the patentability of the Inventors' claims by including claims that paralleled those of the Inventors in its patent application.

69.     eBay never mentioned its patent application in any of its correspondence or discussions with the Inventors.

70.     On May 5, 2003, Mr. Likourezos transmitted the "Confidential Patent Application Information" as defined in the NDA to Cooley Godward, copying Ms. Ward at eBay. Mr. Likourezos reiterated that eBay's DirectPay and Checkout features were within the scope of one or more of the published claims. Mr. Likourezos again indicated the Inventors' willingness to discuss a mutually beneficial business arrangement that would permit eBay to incorporate into the eBay-PayPal payment system the automatic transfer and loan features taught in the Inventors' published patent applications, thereby permitting eBay to gain a significant business advantage over competitors and increase its revenues.

71.     On May 9, 2003, Mr. Likourezos sent two preliminary amendments pertaining to the Inventors' patent applications to eBay's outside counsel, Brian Ankenbrandt at Cooley Godward, copying Ms. Ward of eBay. Mr. Likourezos again pointed out the advantages of a mutually beneficial business arrangement in that the method and system claims in the Inventors' patent applications, if issued substantially as written, would provide eBay with patent protection.

72.     From May 2003 to April 2007, under the terms of the NDA, the Inventors continued to provide eBay's counsel with the Inventors' prosecution filings and other information in respect of the cases covered by the NDA.

73.   .  On June 2, 2003, eBay's outside counsel filed a supplemental Information Disclosure Statement (IDS) in respect of eBay's April 30, 2003 patent application.  Again, eBay failed to mention the four published patent applications of Messrs. Likourezos and Scaturro, even though eBay's attorneys and Ms. Ward, in particular, were aware of the Inventors' patent applications.

74.     On June 13, 2005, Mr. Marais filed another IDS on behalf of eBay in respect of its April 30, 2003 application.  By that date, eBay had received an international search report in connection with eBay's corresponding PCT application identifying U.S. Patent Application No. 10/044,075 filed by Messrs. Likourezos and Scaturro as prior art making eBay's PCT claims, if nationalized pursuant to the Patent Cooperation Treaty, unpatentable.  Therefore, Mr. Marais was compelled to include the Inventors' patent application on the June 13 Information Disclosure Statement.  However, Mr. Marais made no mention on the June 13 Information Disclosure Statement of the publication of U.S. Patent Application Nos. 09/764,618, 09/993,818, or 09/946,616 also filed by Messrs. Likourezos and Scaturro, even though he was familiar with all of them.

75.     Indeed, it was not until July 2009, more than six years after the eBay application was filed, that Mr. Marais' new law firm filed an IDS disclosing, yet only, four of the seven then published patent applications filed by Messrs. Likourezos and Scaturro.  Furthermore, by July 28, 2009, three of these seven patent applications had already issued as U.S. Patents.

76.     Not surprisingly, on four separate occasions, the USPTO rejected eBay's U.S.

Patent Application Serial No. 10/427,253 in its entirety citing XPRT's originally-filed patent

application (now U.S. Patent No. 7,483,856) as material prior art making eBay's claims either

anticipated or obvious.

77.     Messrs. Likourezos and Scaturro disclosed numerous inventive concepts to

eBay. Even though these disclosures were made in confidence, many of the inventions were

nevertheless later incorporated into eBay's products and services.

78.     For example, on January 24, 2007, Mr. Likourezos wrote to Mr. Monahan with

a copy to eBay's Vice President and General Counsel, Michael Jacobson, alerting eBay to the

publication of U.S. Patent Application No. 11/510,088. Invoking the provisional rights statute

(35 U.S.C. § 154(d)), Mr. Likourezos indicated that eBay's PayPal Buyer Credit Program and

eBay's incentives programs employing its PayPal payment service were within the scope of

one or more of the published claims of the application.

79.     Irrespective of Mr. Likourezos' warnings, eBay blatantly continued to expand

its use of the misappropriated technology. For example, in October 2008, eBay rolled out

PayPal holiday promotions offering incentives to its customers to use PayPal for their gift

buying. In April 2009, the eBay Bucks rewards program was launched by eBay. eBay also

continues to offer many incentives through third-party e-commerce websites for customers to

use PayPal to effect payment for purchases made on these websites.

80.     Other concepts described in the specifications of Inventors' patent applications

that were later found to be incorporated into eBay's computer systems include, *inter alia,* an

improved Checkout feature (disclosed to eBay in September 2001 and implemented by eBay in

2008), the PayPal Pay Later credit service (loaning funds feature disclosed to eBay in

September 2001 and implemented by eBay through its PayPal subsidiary in 2008), automated replenishment of users' PayPal accounts from external payment sources (automatic transfer of funds feature disclosed to eBay in September 2001 and implemented by eBay in late 2008), providing funds to its users via eBay's Bill Me Later subsidiary (loaning funds feature disclosed to eBay in September 2001 and implemented by eBay in 2009 following the acquisition of Bill Me Later in 2008), effecting payment of seller fees using PayPal accounts (disclosed to eBay in September 2001 and implemented by eBay in 2005), and a system to enable non-U.S. sellers to pay seller fees using their PayPal account balances (disclosed to eBay in September 2001 and implemented by eBay in various countries beginning in 2007). Recognition that these eBay systems incorporated the Inventor's inventive concepts was discovered by XPRT well within the statutory period of limitations for trade secret theft.

81.     eBay acquired Bill Me Later in 2008.  Bill Me Later presently incorporates functionalities as confidentially disclosed to eBay by Messrs. Likourezos and Scaturro and incorporated into their patent applications, which have now issued as patents.

82.     PayPal recently opened its platform to software developers wanting to include payments in their Web or smart phone applications.  Some developed applications also violate one or more claims of the Inventors' patents, making PayPal a contributory infringer.

83.     eBay has also recently introduced several applications for smart phones enabling its users to effect payment for mobile sales using its PayPal payment system.  Its apps have made eBay the number one mobile retailer in the United States according to Bloomberg Businessweek.  These applications and the use thereof also violate claims of the Inventors' patents.

84.     In short, eBay has misappropriated and used the confidential and proprietary information of XPRT, in violation of its confidentiality obligations to the Inventors, to roll out several features incorporated into eBay's payment systems, including PayPal Pay Later, PayPal Buyer Credit, PayPal automatic replenishment of accounts, offering incentives to users to use the PayPal payment system, the use of PayPal and bank account funds to pay seller fees, and enabling consumers of independent e-commerce websites to effect payment using the PayPal payment service and/or to be loaned funds through its Bill Me Later payment service.

### FIRST COUNT FOR INFRINGEMENT
### OF UNITED STATES PATENT NO. 7,483,856

85.     XPRT incorporates by reference paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86.     United States Patent No. 7,483,856 ("the '856 Patent"), entitled "System and Method for Effecting Payment for an Electronic Auction Commerce Transaction," was duly and legally issued by the United States Patent and Trademark Office on January 27, 2009. XPRT is the owner by assignment of the '856 Patent and has the exclusive right to sue for infringement thereof. A true and correct copy of the '856 Patent is attached as Exhibit A.

87.     XPRT's '856 Patent remains in force, and if all maintenance fees are paid, will expire December 21, 2024.

88.     Defendant eBay is a large company with operations in the United States and is engaged in the business of managing and operating eBay.com, an online commerce and shopping website in which people and businesses buy and sell a broad variety of goods and services worldwide. eBay's payments business has driven eBay's corporate growth with year-over-year revenue growth.

17

89.     eBay is both the operator of electronic commerce websites and, through its wholly-owned subsidiaries PayPal and Bill Me Later, the operator of online payment systems.

90.     eBay provides a method of effecting payment by purchaser of an item listed for sale on its eBay.com website. eBay's payment systems, which include PayPal, Checkout, Bill Me Later and other payment systems, are integrated with eBay Inc.'s electronic commerce system and can be used to effect payment for eBay.com auction- and non-auction-related transactions using Inventors' stored funds systems and methods.

91.     eBay infringes one or more claims of the '856 Patent, including independent claim 1.

92.     Upon information and belief, eBay has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '856 Patent in violation of 35 U.S.C. § 271 by making, using, selling and/or offering for sale, and/or importing one or more of its products and services, including, but not limited to, its PayPal payment system, in combination with other eBay products and services, within this jurisdiction and elsewhere without license of the '856 Patent.

93.     As a result of eBay's infringement of the '856 Patent, XPRT has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

94.     Upon information and belief, eBay's infringement of the '856 Patent has been and continues to be willful, entitling XPRT to enhanced damages pursuant to 35 U.S.C. § 284.

95.     Upon information and belief, with full knowledge of the patent application which issued as the '856 Patent, eBay willfully and wantonly infringed the '856 Patent in

deliberate and intentional disregard of XPRT's rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## SECOND COUNT FOR INFRINGEMENT
## OF UNITED STATES PATENT NO. 7,567,937

96.     XPRT incorporates by reference paragraphs 1 through 95 of this Complaint as if fully set forth herein.

97.     United States Patent No. 7,567,937 ("the '937 Patent"), entitled "System and Method for Automatically Effecting Payment for a User of an Electronic Auction System," was duly and legally issued by the United States Patent and Trademark Office on July 28, 2009. XPRT is the owner by assignment of the '937 Patent and has the right to sue for infringement thereof. A true and correct copy of the '937 Patent is attached as Exhibit B.

98.     XPRT's '937 Patent remains in force and if all maintenance fees are paid will expire July 31, 2024

99.     Defendant eBay is a large company with operations in the United States and is engaged in the business of managing and operating eBay.com, an online commerce and shopping website in which people and businesses buy and sell a broad variety of goods and services worldwide. eBay's payments business has driven eBay's corporate growth with year-over-year revenue growth.

100.     eBay infringes one or more claims of the '937 Patent, including independent claim 1.

101.     Upon information and belief, eBay has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '937 Patent in violation of 35 U.S.C. § 271 by making, selling and/or offering for sale, and/or importing one or more of its products and services, including, but not limited to, its PayPal

payment system, in combination with other eBay products and services, within this jurisdiction and elsewhere without license of the '937 Patent.

102.    As a result of eBay's infringement of the '937 Patent, XPRT has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

103.    Upon information and belief, eBay's infringement of the '937 Patent has been and continues to be willful, entitling XPRT to enhanced damages pursuant to 35 U.S.C. § 284.

104.    Upon information and belief, with full knowledge of the patent application which issued as the '937 Patent, eBay willfully and wantonly infringed the '937 Patent in deliberate and intentional disregard of XPRT's rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

THIRD COUNT FOR INFRINGEMENT
OF UNITED STATES PATENT NO. 7,627,528

105.    XPRT incorporates by reference paragraphs 1 through 104 of this Complaint as if fully set forth herein.

106.    United States Patent No. 7,627,528 ("the '528 Patent"), entitled "System and Method for Effecting a Real-Time Payment for an Item Won on an Electronic Auction," was duly and legally issued by the United States Patent and Trademark Office on December 1, 2009. XPRT is the owner by assignment of the '528 Patent and has the right to sue for infringement thereof. A true and correct copy of the '528 Patent is attached as Exhibit C.

107.    XPRT's '528 Patent remains in force and if all maintenance fees are paid will expire July 22, 2024.

108.    Defendant eBay is a large company with operations in the United States and is engaged in the business of managing and operating eBay.com, an online commerce and

shopping website in which people and businesses buy and sell a broad variety of goods and services worldwide. eBay's payments business has driven eBay's corporate growth with year-over-year revenue growth.

109.    eBay is both the operator of an electronic commerce site and, through its wholly-owned subsidiary PayPal, the operator of the payment system.

110.    eBay infringes one or more claims of the '528 Patent, including independent claim 1.

111.    Upon information and belief, eBay has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '528 Patent in violation of 35 U.S.C. § 271 by making, selling and/or offering for sale, and/or importing one or more of its products and services, including, but not limited to, its PayPal payment system, in combination with other eBay products and services, within this jurisdiction and elsewhere without license of the '528 Patent.

112.    As a result of eBay's infringement of the '528 Patent, XPRT has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

113.    Upon information and belief, eBay's infringement of the '528 Patent has been and continues to be willful, entitling XPRT to enhanced damages pursuant to 35 U.S.C. § 284.

114.    Upon information and belief, with full knowledge of the patent application which issued as the '528 Patent, eBay willfully and wantonly infringed the '528 Patent in deliberate and intentional disregard of XPRT's rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

FOURTH COUNT FOR INFRINGEMENT
OF UNITED STATES PATENT NO. 7,610,244

115.    XPRT incorporates by reference paragraphs 1 through 114 of this Complaint as
if fully set forth herein.

116.    United States Patent No. 7,610,244 ("the '244 Patent"), entitled "System and
Method for Effecting Payment for an Item Offered for an Electronic Auction Sale," was duly
and legally issued by the United States Patent and Trademark Office on October 27, 2009.
XPRT is the owner by assignment of the '244 Patent and has the right to sue for infringement
thereof.  A true and correct copy of the '244 Patent is attached as Exhibit D.

117.    XPRT's '244 Patent remains in force and if all maintenance fees are paid will
expire December 19, 2021.

118.    Defendant eBay is a large company with operations in the United States and is
engaged in the business of managing and operating eBay.com, an online commerce and
shopping website in which people and businesses buy and sell a broad variety of goods and
services worldwide.  eBay's payments business has driven eBay's corporate growth with year-
over-year revenue growth.

119.    eBay is both the operator of an electronic commerce site and, through its
wholly-owned subsidiary PayPal, the operator of the payment system.

120.    eBay infringes one or more claims of the '244 Patent, including independent
claim 21 and 43.

121.    Upon information and belief, eBay has been, still is, and will continue
infringing, contributing to the infringement of, and/or inducing the infringement of the '244
Patent in violation of 35 U.S.C. § 271 by making, selling and/or offering for sale, and/or
importing one or more of its products and services, including, but not limited to, its PayPal

payment system, in combination with other eBay products and services, within this jurisdiction and elsewhere without license of the '244 Patent.

122.    As a result of eBay's infringement of the '244 Patent, XPRT has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

123.    Upon information and belief, eBay's infringement of the '244 Patent has been and continues to be willful, entitling XPRT to enhanced damages pursuant to 35 U.S.C. § 284.

124.    Upon information and belief, with full knowledge of the patent application which issued as the '244 Patent, eBay willfully and wantonly infringed the '244 Patent in deliberate and intentional disregard of XPRT's rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## FIFTH COUNT FOR INFRINGEMENT
## OF UNITED STATES PATENT NO. 7,599,881

125.    XPRT incorporates by reference paragraphs 1 through 124 of this Complaint as if fully set forth herein.

126.    United States Patent No. 7,599,881 ("the '881 Patent"), entitled "System and Method for Offering an Incentive to a User of an Electronic Commerce Web Site," was duly and legally issued by the United States Patent and Trademark Office on October 6, 2009. XPRT is the owner by assignment of the '881 Patent and has the right to sue for infringement thereof. A true and correct copy of the '881 Patent is attached as Exhibit E.

127.    XPRT's '881 Patent remains in force and if all maintenance fees are paid will expire January 17, 2021.

128.    Defendant eBay is a large company with operations in the United States and is engaged in the business of managing and operating eBay.com, an online commerce and

shopping website in which people and businesses buy and sell a broad variety of goods and services worldwide. eBay's payments business has driven eBay's corporate growth with year-over-year revenue growth.

129.    eBay infringes one or more claims of the '881 Patent, including independent claim 21.

130.    Upon information and belief, eBay has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '881 Patent in violation of 35 U.S.C. § 271 by making, selling and/or offering for sale, and/or importing one or more of its products and services, including, but not limited to, its PayPal payment system, in combination with other eBay products and services, within this jurisdiction and elsewhere without license of the '881 Patent.

131.    As a result of eBay's infringement of the '881 Patent, XPRT has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

132.    Upon information and belief, eBay's infringement of the '881 Patent has been and continues to be willful, entitling XPRT to enhanced damages pursuant to 35 U.S.C. § 284.

133.    Upon information and belief, with full knowledge of the patent application which issued as the '881 Patent, eBay willfully and wantonly infringed the '881 Patent in deliberate and intentional disregard of XPRT's rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

SIXTH COUNT FOR INFRINGEMENT
OF UNITED STATES PATENT NO. 7,512,563

134.    XPRT incorporates by reference paragraphs 1 through 133 of this Complaint as if fully set forth herein.

135.   United States Patent No. 7,512,563 ("the '563 Patent"), entitled "System and Method to Automate Payment for a Commerce Transaction," was duly and legally issued by the United States Patent and Trademark Office on March 31, 2009. XPRT is the owner by assignment of the '563 Patent and has the right to sue for infringement thereof. A true and correct copy of the '563 Patent is attached as Exhibit F.

136.   XPRT's '563 Patent remains in force and if all maintenance fees are paid will expire January 17, 2021.

137.   Defendant eBay is a large company with operations in the United States and is engaged in the business of managing and operating eBay.com, an online commerce and shopping website in which people and businesses buy and sell a broad variety of goods and services worldwide. eBay's payments business has driven eBay's corporate growth with year-over-year revenue growth.

138.   eBay infringes one or more claims of the '563 Patent, including independent claim 7.

139.   Upon information and belief, eBay has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '563 Patent in violation of 35 U.S.C. § 271 by making, selling and/or offering for sale, and/or importing one or more of its products and services, including, but not limited to, its PayPal payment system, in combination with other eBay products and services, within this jurisdiction and elsewhere without license of the '563 Patent.

140.   As a result of eBay's infringement of the '563 Patent, XPRT has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

141.    Upon information and belief, eBay's infringement of the '563 Patent has been and continues to be willful, entitling XPRT to enhanced damages pursuant to 35 U.S.C. § 284.

142.    Upon information and belief, with full knowledge of the patent application which issued as the '563 Patent, eBay willfully and wantonly infringed the '563 Patent in deliberate and intentional disregard of XPRT's rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

SEVENTH COUNT FOR MISAPPROPRIATION
OF TRADE SECRETS

143.    XPRT incorporates by reference paragraphs 1 through 142 of this Complaint as if fully set forth herein.

144.    XPRT used reasonable efforts under the circumstances to maintain the secrecy of its confidential and proprietary trade secret information.

145.    At the time of the disclosure to eBay, XPRT's confidential and proprietary trade secret information had actual or potential independent economic value, because it was not generally known to, nor readily ascertainable through proper means by, other persons who are in a position to obtain economic value from its disclosure or use.

146.    eBay has been under a duty to maintain the secrecy of confidential and proprietary trade secret information and not to disclose it or use it in contravention of the parties' agreements, including as described above, in connection with the design, development or maintenance of eBay's website.

147.    eBay has disclosed or used XPRT's confidential and proprietary trade secret information without express or implied consent from XPRT.

148.    On information and belief, eBay's actions described above have at all times relevant to this action been knowing, willful and malicious.

149.    eBay's actions constitute misappropriation of XPRT's confidential and proprietary trade secret information under 6 *Del. C.* § 2001 *et seq.*

150.    As a direct and proximate result of eBay's actions described above, XPRT has been injured and has suffered monetary damages in an amount yet to be determined.

### EIGHTH COUNT FOR UNJUST ENRICHMENT

151.    XPRT incorporates by reference paragraphs 1 through 150 of this Complaint as if fully set forth herein.

152.    Defendants unjustly received benefits at the expense of Plaintiff by reason of Defendants' wrongful conduct, including the unauthorized use of Plaintiff's inventions without compensation.

153.    Plaintiff invested substantial time and money to develop the patent applications, including the confidential information contained therein.  By reason of Defendants' wrongful conduct, Plaintiff has been impoverished.

154.    Defendants continue to unjustly retain these benefits at Plaintiff's expense.  It would be unjust for Defendants to retain any value they obtained as a result of their wrongful conduct.

155.    Plaintiff is accordingly entitled to full restitution of all amounts in which Defendants have been unjustly enriched at Plaintiff's expense.

### NINTH COUNT FOR CONVERSION

156.    XPRT incorporates by reference paragraphs 1 through 155 of this Complaint as if fully set forth herein.

157.    The Inventors and later XPRT had property rights in their inventive concepts, including the confidential and proprietary information contained within their unpublished patent applications, which were misappropriated by Defendants to their own use through the actions described above.

158.    As the owner of the patent applications, which included the confidential and proprietary information contained therein, the Inventors and later XPRT had the right once such applications issued to keep others in the United States from making, using, selling, offering to sell or importing the claimed subject matter.

159.    By misappropriating the confidential and proprietary information contained in the patent applications, Defendants wrongfully exerted control of the information in the patent applications in a manner inconsistent with the Inventors' and later XPRT's rights in the patent applications and the confidential and proprietary information contained therein.

## PRAYER FOR RELIEF

WHEREFORE, XPRT respectfully requests that this Court enter judgment in its favor as follows:

(a)    declaring that eBay's payment methods and systems infringe one or more claims of the '856 Patent;

(b)    declaring that eBay's payment methods and systems infringe one or more claims of the '937 Patent;

(c)    declaring that eBay's payment methods and systems infringe one or more claims of the '528 Patent;

(d)    declaring that eBay's payment methods and systems infringe one or more claims of the '244 Patent;

(e)    declaring that eBay's payment methods and systems infringe one or more claims of the '881 Patent;

(f)    declaring that eBay's payment methods and systems infringe one or more claims of the '563 Patent;

(g)    declaring that eBay's actions with respect to its payment methods and systems constitute acts of induced infringement of one or more claims of the '856, '937, '528, '244, '881 and '563 Patents;

(h)    declaring that eBay has misappropriated XPRT's confidential and proprietary trade secret information by improperly using and/or disclosing this information and/or by allowing, enabling, authorizing, causing or inducing third parties to do so;

(i)    awarding XPRT its damages in a minimum present value of $3.8 billion sustained as a result of eBay's wrongful conduct, including without limitation for both actual loss and unjust enrichment and for exemplary damages under 6 *Del. C.* § 2003, but in no event less than a reasonable royalty;

(j)    awarding treble damages pursuant to 35 U.S.C. § 284, as result of eBay's willful and malicious conduct;

(k)    declaring this to be an exceptional case and awarding XPRT its attorneys' fees under 35 U.S.C. § 285;

(l)    awarding XPRT punitive or exemplary damages as a result of eBay's willful and deliberate conduct;

(m)    awarding XPRT pre- and post-judgment interest, and costs and attorneys' fees in this action; and

(n)    awarding XPRT any further and additional relief as this Court deems just

and proper.

PROCTOR HEYMAN, LLP


/s/ Dominick T. Gattuso
Dominick T. Gattuso (#3630)
E-mail: dgattuso@proctorheyman.com
1116 N West Street
Wilmington, DE 19801
(302) 472-7300
Attorneys for Plaintiff


OF COUNSEL:

KELLEY DRYE & WARREN LLP
Thomas B. Kinzler
101 Park Avenue
New York, New York 10178
(212) 808-7800

KELLEY DRYE & WARREN LLP
Steven J. Moore
Delphine W. Knight Brown
400 Atlantic Street
Stamford, Connecticut 06901
(203) 324-1400

Dated: July 13, 2010