IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XPRT VENTURES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EBAY INC., PAYPAL, INC.,<br>BILL ME LATER, INC.,<br>SHOPPING.COM, INC., and<br>STUBHUB, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 10-595-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of June, 2011, having reviewed defendants' eBay Inc. ("eBay"), PayPal, Inc. ("PayPal"), Bill Me Later, Inc. ("Bill Me Later"), Shopping.com, Inc. ("Shopping.com"), and StubHub, Inc. ("StubHub") (collectively "defendants") motion to transfer, as well as the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 25) is denied, as follows:

1. **Background.** On July 13, 2010, plaintiff XPRT Ventures, LLC ("XPRT") instituted the present patent infringement litigation against defendants, alleging that defendants' infringe U.S. Patent Nos.: 7,483,856; 7,567,937; 7,627,528; 7,610,244; 7,599,881; and 7,512,563.[1] (D.I. 1; D.I. 18 at ¶¶ 14, 85, 98, 109, 123, 134, 145) Defendants moved to transfer the present action to the Northern District of California. (D.I. 25)

2. In 2001, eBay received confidential information and non-publicly available

---

[1] On December 10, 2010, XPRT filed its first amended complaint.

patent applications from George Likourezos and Michael A. Scaturro ("Inventors"). (D.I. 18 at ¶ 19) On April 30, 2003, eBay and the Inventors executed a confidentiality agreement (the "Agreement") regarding the patents at issue.[2] (D.I. 27, ex. B)

3. **The parties**. eBay, a Delaware corporation having its principal place of business in California, is an Internet company that owns, operates, and manages eBay.com, an e-commerce website that hosts online auctions. (D.I. 18 at ¶¶ 2, 7)

4. PayPal, a Delaware corporation having its principal place of business in California, is an e-commerce company that facilitates payments and money transfers for eBay's online auctions through the Internet via its payment services. (*Id.* at ¶¶ 3, 8) PayPal is a wholly-owned subsidiary of eBay. (*Id.* at ¶ 8)

5. Bill Me Later, a Delaware corporation with its principal place of business in Maryland, is a company that allows online purchases through its payment service. (*Id.* at ¶¶ 4, 9) Bill Me Later is a wholly-owned subsidiary of PayPal. (*Id.* at ¶ 9)

6. Shopping.com, a Delaware corporation having its principal place of business in California, provides a price comparison service through websites in the United States and abroad. (*Id.* at ¶¶ 5, 10) Shopping.com directs users to independent websites where they can purchase items by using eBay's PayPal and Bill Me Later payment services. (*Id.* at ¶ 11) Shopping.com is a wholly-owned subsidiary of eBay. (*Id.* at ¶ 10)

7. StubHub, a Delaware corporation having its principal place of business in

---

[2] The agreement provides in pertinent part: "[o]ther than to outside counsel for eBay, eBay shall not disclose [c]onfidential [p]atent [a]pplication [i]nformation to any third parties . . . ." (D.I. 27, ex. B at ¶ 3)

California, operates a website allowing the sale of live-entertainment event tickets. (*Id.* at ¶¶ 6, 12) Patrons of the site can use eBay's PayPal to facilitate the sale. (*Id.* at ¶ 13) StubHub is a wholly-owned subsidiary of eBay. (*Id.* at ¶ 12)

8. XPRT, a Delaware corporation having its principal place of business in Connecticut, is the holder of six United States patents for systems and methods for effecting payments for electronic auction transactions and e-commerce transactions. (*Id.* at ¶¶ 1, 26)

9. Defendants assert that transfer is appropriate because the present litigation is in this forum for purely "litigation reasons." (D.I. 26 at 1) Specifically, defendants argue that: (1) XPRT should have brought the action in the Northern District of California because four out of the five defendants have their principal place of businesses there, and no defendant has offices in Delaware; (2) the court should not defer to XPRT's choice of forum because of a forum selection clause in the Agreement; (3) the court should not defer to XPRT's choice of forum as it did not sue on its home turf; (4) some of the events giving rise to the litigation arose in California; (5) "potentially" important non-party witnesses reside in northern California; and (6) court congestion in Delaware gives rise for transfer to California. (D.I. 26) Notwithstanding defendants' arguments in support of transfer, there is one pivotal connection to Delaware: it is the state of incorporation for all defendants. (D.I. 18 at ¶¶ 2-6)

10. XPRT opposes transfer, arguing that the court should defer to its choice of forum because: (1) all defendants are incorporated in Delaware; (2) defendants have not met their burden to compel the court to transfer the case as defendants are unable to point to any witness or document that could not be produced in Delaware; (3)

3

defendants' argument regarding the forum selection clause in the Agreement mandating transfer is without merit as XPRT has not agreed to litigate its patent claims in the Northern District of California; and (4) the court should defer to XPRT's forum decision as Delaware is known for its expertise in patent litigation. (D.I. 33)

11. **Standard of review.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998).

12. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favor the defendants." *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)); *Medicis Pharm. Corp. v. Nycomed U.S. Inc.*, Civ. No. 10-419-SLR, 2011 WL 1230276, at *2 (D. Del. Mar. 31, 2011). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte*, 431 F.2d at 25. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998); *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, Civ. No. 01-199, 2001 WL

4

1617186, at *2 (D. Del. Nov. 28, 2001); *Padcom, Inc. v. NetMotion Wireless, Inc.*, Civ. No. 03-983-SLR, 2004 WL 1192641, at *7 (D. Del. May 24, 2004). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." *In re M.L.-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993).

13. The Third Circuit has indicated that the analysis for transfer is very broad. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (1995). Although emphasizing that "there is no definitive formula or list of factors to consider," *Id.*, the Third Circuit has identified potential factors it characterized as either private or public interests. The private interests include:

> (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trail in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). The public interests include:

> (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* (citations omitted).

14. **Analysis**. As always, the court stresses that, because all defendants are Delaware corporations, they have no reason to complain about being sued in Delaware. Defendants' argument regarding the Agreement's forum selection clause is unpersuasive as XPRT's first amended complaint alleges six claims of patent infringement, not a breach of confidentiality; the Agreement's forum selection clause controls only breaches of confidentiality.[3] (D.I. 18 at ¶ 14) Further, the Agreement explicitly states that there is no bar from bringing patent infringement cases.[4] (D.I. 27, ex. B at ¶ 10)

15. With respect to defendants' argument regarding court congestion, it is true that this court's docket reflects the fact that patent cases, perhaps more often than in other districts, are given a trial date and tried to resolution. Nevertheless, it is the rare request from counsel for earlier trial dates than those provided by the court and even rarer when such requests are not accommodated by the court to some extent. The court also notes the irony that many members of the bar argue both sides of this argument from case to case, making it even more of a non-issue from the court's perspective.

16. Neither is the court persuaded by defendants' arguments regarding convenience. In this electronic age, there are no substantial burdens associated with

---

[3] "The parties hereto expressly consent, and submit themselves, to the exclusive jurisdiction of the courts of California, and it is stipulated that venue shall be in Santa Clara County for the adjudication or disposition of any claim, action or dispute **arising out of** this Agreement." (D.I. 27, ex. B at ¶ 6) (emphasis added)

[4] "This Agreement does not bar [Inventors] from seeking any legal remedies for alleged patent infringement by eBay of any patents issuing from the [c]onfidential [p]atent [a]pplication [i]nformation." (*Id.* at ¶ 10)

discovery or witness availability that support the need for transfer. With respect to discovery, documents generally are stored, transferred and reviewed electronically. It would be surprising to the court to find that sophisticated litigants, such as those at bar, still maintain their business records in hard copy, thus requiring either travel to California for review of the documents or the copying and transporting of documents. With respect to witnesses, generally the parties agree to take depositions where the witnesses are located (or the court can so order). Moreover, for those cases that get to trial, only a handful of witnesses testify live, and only a very small proportion of those documents produced during discovery are used as trial exhibits. Given these realities, this factor is outdated, irrelevant, and should be given little weight, if any, except for those rare exceptions where truly regional defendants are litigating.

17. Finally, the court weighs California and Delaware's respective public interest in deciding this dispute as evenly balanced between the two states. Even if the parties may be considered to be California residents, all defendants are corporate citizens of Delaware, and, accordingly, are subject to suit in Delaware. (D.I. 18 at ¶¶ 2-6)

18. **Conclusion**. Given that all defendants are incorporated in Delaware, the forum selection clause does not control here because this is a patent infringement case, and because defendants have not submitted any compelling reasons calling for transfer, defendants' motion for transfer is denied.

United States District Judge